# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN LEE RICHES, #40948-018, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1697-B |
| | ) | ECF |
| ROE V. WADE, et al., | ) | |
|     Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a federal inmate.

Parties: Plaintiff is presently confined at the Federal Correction Institution Williamsburg in Salters, South Carolina.

Named as Defendants are the U.S. Supreme Court case *Roe v. Wade*, Jane Roe, Henry Wade, and Dr. James Hubert Hallford. The Court has not issued process in this case pending preliminary screening.

Statement of Case: Plaintiff's allegations are fantastic and delusional. He seeks monetary damages and injunctive relief in connection with the Supreme Court's decision in *Roe v. Wade*.

Plaintiff has neither paid the filing fee nor sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. In a prior action filed in this Court only a few days ago, he

submitted a motion for leave to proceed *in forma pauperis*. *See Riches v. Holy Land Foundation for Relief and Development, et al.*, 3:07cv1626-P (N.D. Tex. filed Sep. 24, 2007). The Court takes judicial notice of that motion for leave to proceed *in forma pauperis* as though filed in this case.

Findings and Conclusions: The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

A review of the U.S. Party and Case Index reflects that Plaintiff has filed at least fifty-two previous prisoner actions in federal courts nationwide.[1] At least three of these actions have been dismissed as frivolous, and the time for appeal has expired or the appeal was dismissed for want of prosecution. *See Riches v. Bush*, 4:06cv442-MBS (D.C. S.C. Mar. 27, 2006) (no appeal); *Riches v. Bureau of Prisons, et al.*, 6:06cv194-MBS-WMC (D.C. S.C. Mar. 20, 2006) (no appeal); *Riches v. Vick, et al.*, 1:07cv1858-WBH (N.D. Ga. Aug. 16, 2007) (appeal dismissed for want of prosecution). *See also Riches v. Holy Land Foundation for Relief and Development,*

---

[1] The U.S. Party Case Index reflects Plaintiff filed a total of seventy-one prisoner and non-prisoner actions.

2

*et al.*, 3:07cv1626-P (N.D. Tex.) (magistrate judge's findings and conclusions recommending denial of *in forma pauperis* status under 28 U.S.C. § 1915(g) filed October 3, 2007).

Applying the three-strike provision to Plaintiff's prior *in forma pauperis* actions, it is clear that he has accrued at least three "strikes" under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996); *see also Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 (5th Cir. 1998). Because Plaintiff has accumulated three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint presents no possible claim that Plaintiff is in danger of any physical injury. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). *See also Banos*, 144 F.3d at 883-84.

Because the complaint does not fall within the exception to the "three-strike rule" set out in § 1915(g), the District Court should deny him leave to proceed *in forma pauperis* and dismiss this action as barred by the three strike rule unless he pays the full filing fee of $350.00 within the next ten days. *See Adepegba*, 103 F.3d at 388.

The District Court should also deny Plaintiff's motion for a temporary restraining order, incorporated in his complaint, and warn Plaintiff that sanctions will be imposed if he persists in filing frivolous lawsuits in violation of the three-strike rule.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff be DENIED leave to proceed *in forma pauperis*, and that his action be DISMISSED as barred by three strikes under 28 U.S.C.

§ 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

It is further recommended that Plaintiff's motion for a temporary restraining order, incorporated in his complaint, be DENIED, and that Plaintiff be WARNED that sanctions will be imposed if he persists in filing frivolous lawsuits in violation of the three-strike rule.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 16th day of October, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.